Johnson, J.
By section 18 of an act establishing boards of county commissioners, and prescribing their duties (1 S. & C. 241), it is provided : “ That if any person shall conceive him or her or themselves aggrieved by the decision of the county commissioners in any case, such person or persons may, within fifteen days thereafter, appeal to the next court of common pleas, notifying the commissioners at least ten days before the time of trial, which notice shall be in writing, and delivered personally to the commissioners or left with the auditor of the county, and the said court shall, at their next session, hear and determine the same, which decision shall be final. ” The question at bar may be thus stated: Is the appeal thus provided for, the sole remedy for defendants in error upon refusal of *525 tbe county commissioners to allow the claim upon which this action is founded, or is it merely cumulative ? Section 18 is a special statutory remedy given to any person aggrieved by the decision of the county commissioners. It is peculiar, and unlike the remedy by action in several respects. The appeal may be taken in fifteen days, instead of ten days, as in case of appeals from a justice of the peace, or thirty days from the common pleas. No bond is required, as under the practice acts applicable to courts. The only notice required to be given of the .fact, is one in writing ten days before the time of trial, and the court shall, at their next session, hear and determine the same, which decision shall be final. As the section reads, there is no provision for pleadings, rule days, continuances, or a trial by jury, and no appeal from the judgment of the common pleas. The court, at its next session is, upon ten days’ notice to the commissioners, to hear and determine the case, and make a final decision.
It would be an anomaly in our judicial proceedings, if this were the exclusive remedy against the county commissioners in every case of law or equity, whatever be its amount or nature. The Bill of Rights provides that the right of trial by jury shall be inviolate, and that every person, for an injury done him in his land, goods, person or reputation, shall have remedy by due course of law.
In the Commissioners v. Robb, Wright, 48, there was an appeal by a claimant from the decision of the commissioners, disallowing a claim for building a bridge under a contract with them. In the court of common pleas, the commissioners moved to quash the appeal, which was overruled. They then moved that an issue be duly made up by pleadings. This was also overruled, and the court then proceeded to hear the case upon the papers sent up on appeal, without other evidence, and rendered judgment in favor of the claimants. On certiorari, the case was taken to the supreme court on the circuit, where the judges, Collet and Wright, were divided in opinion, the former holding that, under the statute, the right to proceed in a summary way, without pleadings, issue or jury was given, while the latter held otherwise. The court being divided in opinion, *526 the case was reserved for decision before the full court in banc, and is found reported in 5 Ohio, 491. In that court, the judgment of the commonpleas was affirmed. The question of a summary trial, without pleadings, issue, jury or evidence, was not noticed or considered, but the affirmance of the judgment was equivalent to an affirmance of the opinion of Judge Collet, that it was a summary proceeding, not in due course of law. The court did, however, decide that in that case- — a contract for building a bridge — the claimants might, on the disallowance of their claim, appeal. They did not decide that an appeal was the exclusive remedy, as no such question arose in the case. That case arose under the act of 1824, which contains a provision relating to appeals similar to section 18 above quoted. The affirmance of the judgment of the common pleas may be claimed as an affirmance of the view taken by Judge Collet, in the court below, that this was a summary remedy without pleadings, issue or jury, but whether so intended, or whether such a view be correct, we express no opinion.
By section 7 of the act establishing a board of county commissioners and prescribing their duties, as amended April 27, 1877 (74 Ohio L. 133), which was in force when this action was brought, the board of commissioners, in the several counties, are made capable of suing and being sued, pleading and being impleaded, in any court of judicature in this state; and they are authorized, in all suits at law or in equity, brought by or against them in their official capacity, to employ counsel to prosecute or defend, and to allow and pay such counsel reasonable fees out of the county treasury.
The capacity to sue and be sued, to employ and pay counsel, to prosecute and defend in all suits at law and in equity, is commensurate with their official duties, and embraces all causes of action, arising out of the duties required of them by law. This liability to be sued, with the corresponding right and duty to defend at the public expense, extends to every cause of action for which the county is or may be liable, in due course of law, except where an exclusive remedy is otherwise provided, consistent with the provisions of the Bill of Bights already cited.
*527 In the case at bar, the power of the county commissioners to bind the county by the contract to repair the retaining wall of a county road is not disputed. If the work is done according to the terms of the contract, a claim against the county exists, which it is the duty of the board of commissioners to allow, and order paid.
It belongs to that class of claims that cannot be paid except upon the allowance of the county commissioners. 1 S. & O. § 9, p. 251. If they refuse to allow the same, a right of action exists in favor of the claimant, unless the claim be of that nature or character that an exclusive remedy, other than by action in due course of law, is legally provided.
The question here is, whether the claimants in this case are limited to an appeal under section 18, or whether they may sue in the ordinary form of action — whether the remedy by appeal is exclusive in all cases where it is the province of the commissioners to allow a claim before it can be paid, or whether it is merely cumulative ?
Robb v. Commissioners, 5 Ohio, 491, is an authority that, the defendants in error might have appealed from the refusal to allow their claim, but it does not hold that they might not, at their election, bring an action, and have all the benefits of a trial by due course of law, instead of being limited to the summaiy remedy by appeal.
Paine v. Commissioners, Wright, 471, is the next case in order of time, and was decided by two of the judges who sat in Robb's case. It was there held, that the commissioners are but a corporation performing certain public functions, and not lords paramount or sovereigns, and that they are subject to suit before a justice, or in the courts.
Shepard v. Commissioners of Dark Co., 8 Ohio St. 354, was an action by the recorder of the county against the commissioners, to recover on an alleged contract for the value of books, and labor of making a new general index to the records of the county, under a statute authorizing the work, and providing that, “ the recorders shall be allowed*and receive for their services such compensation as the commissioners of the ^respective counties shall deem reasonable and just. ”
*528 It was said, by tlie court that, “ whenever the board of commissioners are authorized to allow or reject claims against the county, the party aggrieved may appeal.” What was held in that case was, “where a claim against a county is of such a nature that, but for the statute, no right of action at common law would exist on the claim, the remedy prescribed by the statute must be pursued, and no cumulative remedy exists.” As the recorder’s claim arose under the statute, but for which no right of action would have existed, the remedy by appeal was held to be exclusive. A quaere was suggested by the court, whether in <my case, where the claim is to be passed upon by the commissioners, the claimant can pursue any other remedy ? That question is the one before us.
The principle laid down in Shepard’s case, was re-affirmed in State ex rel. Gerke v. Commissioners, 26 Ohio St. 364, and was applied to, a claim for attorney’s services, under the employment of the county treasurer in prosecuting suits for the collection of taxes. It was held that such a claim belonged to the expenses of the treasurer, which it was the duty of the commissioners to allow, and that the i ight of the claimant, “ to be paid out of the county treasury, is founded exclusively on the statute, which also provides for the allowance of the claim by the county commissioners, before it can bo paid,” and that his only remedy is by appeal, when he is aggrieved by the decision . of the commissioners on the merits. These cases rest upon the well settled rule of construction, that where, by statute, a liability is created, and a specific remedy is given, it is ■exclusive, but when.a specific remedy is given for an existing right of action for which there is a remedy by due course of law, the new remedy is merely cumulative, unless it clearly appears to be the intent of the legislature, that it be to the .exclusion of the existing remedy. Commissioners v. Bank, 32 Ohio St. 194, 201; Darling v. Peck, 15 Ohio, 65; State v. Orr, 16 Ohio St. 523; Sedgwick on Stat. Law, 341-345; Hardcastle on Rules of Construction, 163-169.
In the case a¿ bar, the liability of the county, if any existed, was founded on, and arose out of a contract, and not by virtue of a statute creating such liability. The statute confers *529 upon the commissioners, the power to contract with reference to the subject matter. In the exercise of this corporate power, they can create a liability against the county.
When such a contract is made within the scope of the authority conferred, the obligations arising therefrom, are to be determined by common law principles, in the absence of statutory provisions to the contrary. The right is not founded on a statute, but on a contract made by a quasi corporation.
It is not of that nature that, but for the statute, no right of action at common law would exist on the claim. Hence it follows that the remedy by appeal is cumulative merely. In this respect, it differs from Shepard’s Case, 8 Ohio St., or Gerke's Case, 26 Ohio St. In the former, but for the statute (2 S. & C. 1276), the recorder would have no claim for compensation for making a complete general index. His right depended exclusively on the third section of the act of 1835, authorizing him to do the work, and giving him a right to such compensation as the commissioners should deem reasonable and just. The same is true of the latter case.
Here the claim is founded upon contract, and grows out of the corporate liability of the county, for the official acts of the board of county commissioners. In this respect, the rights of persons contracting with the commissioners, and the liability of the county on their contracts, are of the same nature as the corporate liability of private corporations. In either case, the capacity to contract is derived from the statute, but the liability to others, arises from the acts of those authorized to bind the corporate body.
As this is a claim for which the auditor cannot issue a warrant, unless allowed by the commissioners, a right óf action on it did not accrue, until disallowed by them. If allowed by a competent court, the auditor should draw his order without any further action of the commissioners.
What we hold is, that upon a refusal by the commissioners to allow this claim, defendants in error had the right, by due course of law, to have the same adjudicated in a court of competent jurisdiction, and that they were not limited to the sum *530 mary proceedings on appeal, as provided by section 18 of the act.

Judgment, affirmed.